UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

THOMAS SIMMONS, IV,

*Defendant-Appellant.*

No. 03-4074

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-02-66)

Submitted: March 31, 2004

Decided: June 14, 2004

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Janet S. Reincke, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Simmons, IV, appeals his conviction and sentence for two counts of making false statements to a firearms dealer in violation of 18 U.S.C.A. § 924(a)(1)(A) (West Supp. 2003); 18 U.S.C. § 2 (2000). He challenges the admission of testimony and evidence of gun purchase transactions by an absent witness and testimony concerning statements by that individual. He also contends that the court erred in determining his sentence by considering conduct for which he had been acquitted. Finding no reversible error, we affirm.

At Simmons' trial, the government presented the testimony of Michelle Jones and Theresa Jones, cooperating witnesses who testified that they each made several gun purchases for Simmons over several years. Following the government's presentation of its case, Simmons moved for judgment of acquittal. The district court granted the motion as to ten of the twenty-nine counts. Each of those ten counts related to gun purchases that Neil Dennis was alleged to have made for Simmons. Neil Dennis was not present to testify at Simmons' trial.

Simmons then moved to have stricken from the record all evidence relating to those charges, including exhibits to which he had stipulated. He also requested that the jury be instructed to disregard any testimony relating to those charges. The district court denied the motion.

The jury subsequently found Simmons guilty of two counts, both involving firearms purchases by Michelle Jones. The jury found Simmons not guilty of the remaining charges.

On appeal, Simmons challenges the admission of evidence and exhibits concerning Neil Dennis' purchases of firearms and statements made by Dennis. He argues that the evidence was inadmissible hearsay, was not admissible under Fed. R. Evid. 404(b), and was not relevant. He asserts that admission of the evidence prejudiced his right to a fair trial.

We review the admission of evidence for an abuse of discretion. *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997). We need not address Simmons' specific challenges because the admission of the contested evidence, if error, was harmless. *See* Fed. R. Crim. P. 52(a). Evidentiary rulings will be found harmless if the court is able to conclude, "'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *Brooks*, 111 F.3d at 371 (quoting *United States v. Heater*, 63 F.3d 311, 325 (4th Cir. 1995)).

Here, the jury heard evidence of eleven firearm purchases by Theresa Jones, eight firearm purchases by Michelle Jones, and ten firearm purchases by Neil Dennis. All of these firearms were allegedly directed by and purchased for Simmons. Despite having heard and received evidence of Dennis' involvement in this scheme, the jury convicted Simmons of only two of the twenty-nine counts charged in the indictment, both related to gun purchases by Michelle Jones. The evidence as to these two purchases consisted of testimony by Michelle Jones, and corroborative testimony by other witnesses. None of the challenged evidence pertained to the two counts on which Simmons was convicted.

We find that any error in admitting evidence of Dennis' gun purchases was harmless because "it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Neder v. United States*, 527 U.S. 1, 15 (1999) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)); *see Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) ("[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt."). Because the district court's admission of the challenged evidence and the court's subsequent denial of the motion to strike such evidence did not result in any prejudice to Simmons, we find that the error, if any, was harmless. Accordingly, we affirm Simmons' convictions.

At sentencing, Simmons objected to the recommendation in the presentence report that he be held responsible for twenty-nine firearms. The district court found that the preponderance of the evidence

supported a finding that Simmons was responsible for eighteen firearms; the court concluded that the preponderance of the evidence did not support a finding that the firearms purchased by Theresa Jones were on Simmons' behalf. Accordingly, the court disregarded the eleven firearm purchases made by Theresa Jones. Simmons' offense level was therefore reduced by two levels under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(1)(B) (2002), resulting in a total offense level of twenty-six and a guideline range of sixty-three to seventy-eight months. The court sentenced Simmons to seventy-eight months imprisonment.

Simmons contends that the court erred in considering acquitted conduct in determining his offense level. He asserts that the evidence did not rise to the level of a preponderance and that the court failed to explain why evidence was sufficient as to some of the charges and insufficient as to others. Contrary to Simmons' contention, the district court did explain its finding that Simmons was responsible for eighteen firearms, and these findings were not clearly erroneous. *See United States v. Crump*, 120 F.3d 462, 468 (4th Cir. 1997) (providing standard). Dennis testified during the sentencing hearing that he bought ten guns for Simmons. He stated that Simmons directed which guns to purchase and where to purchase them, provided the purchase money, and paid Dennis money or crack cocaine. Michelle Jones' trial testimony was substantially similar in that she testified that she purchased firearms for Simmons. He provided the money and directed the type of firearm he wanted her to buy and the location from which she should purchase the firearm. He also paid her in crack cocaine and/or money for making the gun purchases. We find that the preponderance of the evidence supports the district court's finding that Simmons was responsible for the eighteen firearms purchased for him by Michelle Jones and Neil Dennis, *see United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994); *United States v. Uwaeme*, 975 F.2d 1016, 1018 (4th Cir. 1992), and that this finding is not clearly erroneous. *Crump*, 120 F.3d at 468.

Accordingly, we affirm Simmons' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*